2000-NMSC-005

995 P.2d 1030

STATE of New Mexico,
Plaintiff–Appellee,

v.

Michael Gerard SMITH, Defendant–
Appellant.

No. 25,728.

Supreme Court of New Mexico.

Jan. 19, 2000.

Phyllis H. Subin, Chief Public Defender, Donna M. Bevacqua, Assistant Appellate Defender, Santa Fe, for Appellant.

Patricia A. Madrid, Attorney General, Elizabeth Blaisdell, Assistant Attorney General, Santa Fe, for Appellee.

**OPINION**

MAES, Justice.

{1} Defendant, Michael Gerard Smith, appeals the enhancement of his sentence under the habitual offender statute, NMSA 1978, § 31–18–17(D) (1993). Defendant argues that the State must prove the existence of a prior conviction beyond a reasonable doubt and that the State failed to meet its burden in this case. The Court of Appeals certified this appeal as a matter involving an issue of substantial public importance, and we accepted certification. *See* NMSA 1978, § 34–5–14(C)(2) (1966). The Court of Appeals certified the following question: "What is the burden of proof the State must meet at a habitual offender proceeding (NMSA 1978, § 31–18–20 (1983)) to prove a prior conviction?" We limit our analysis to the Federal Constitution and do not consider whether our State Constitution requires the same result. We conclude that federal law requires that the State prove a prior conviction by a preponderance of evidence and that the State met its burden. Thus, we affirm Defendant's sentence.

I. Background

{2} In the case before us, Defendant was convicted of conspiracy to commit robbery,

reckless driving, and false imprisonment. The State alleged Defendant had three prior felony convictions which warrant an eight-year enhancement of the sentence for his present convictions. *See* § 31–18–17(D). Defendant does not contest two of these prior convictions: his California conviction in 1990 on five counts of robbery and his New Mexico conviction in 1993 for robbery. However, Defendant argues that his 1992 California conviction for felony possession of a controlled substance should not constitute a prior conviction for purposes of Section 31–18–17(D). Defendant admits he is the same person who was charged with this offense, and therefore identity is not an issue before us. Defendant concedes in his docketing statement that the prior conviction for possession of cocaine was proven by "sufficient evidence." Defendant argues that the State must establish the existence of the possession conviction beyond a reasonable doubt in order to enhance Defendant's sentence. Defendant thus challenges the constitutional sufficiency of the standard of proof.

{3} The State placed in evidence the following documents concerning the charge and conviction of possession: a Criminal Complaint, a Guilty Plea to Felony Form and a two-page sentence report (Exhibits 2A, 2B, 2C). Defendant contends that evidence of the possession conviction does not meet a "beyond a reasonable doubt" standard because the second page of the California sentence report [Exhibit 2C] on the possession conviction contained a large and flowing "x" in the box for conditional discharge rather than in the box for probation, which was just above the conditional discharge box. Although the line following the conditional discharge box was blank, the blank line after the words "probation granted for a period of" was filled in with a handwritten Arabic numeral 3 which was followed by the printed word "years." Also on the probation line, another "x" was filled in before the phrase, "probation to be without formal supervision." All other information on the sentence forms including another box on the first page, a box at the bottom of the second page and handwritten information referred to the sentence as probation, not conditional discharge. Defendant argued that the first "x" created an

ambiguity. That ambiguity meant the State had not met the burden of proving the habitual criminal charge beyond a reasonable doubt, according to Defendant.

{4} Additionally, although Defendant claims that the criminal complaint and sentencing report constituted the sole evidence concerning the contested prior conviction, the State in fact introduced a Repeat Offender Plea and Disposition Agreement from a later charge in Bernalillo County signed by Defendant. In this plea agreement, Defendant admitted that he was the person convicted in California of possession of a controlled substance, agreeing that the conviction was valid and free from fundamental error. The agreement states that "[v]alid means that the defendant is the person who was convicted of the crimes and that the crimes were felonies," and that "[f]ree from fundamental error means that the defendant's constitutional rights, including the right to counsel, were not violated in obtaining the convictions." The agreement also states that "[D]efendant understands and agrees that the admission alone will be sufficient to prove the existence of the convictions and his identity." Defendant did not offer any evidence or testimony to the contrary and, on appeal, continues to fail to counter this evidence.

II. Discussion

■ {5} We said in *State v. Gomez*, 1997–NMSC–006, ¶ 23, 122 N.M. 777, 932 P.2d 1:

> [W]hen a party asserts a state constitutional right that has *not* been interpreted differently than its federal analog, a party must also assert *in the trial court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision.

Because Defendant did not argue in the trial court that a "beyond a reasonable doubt" standard applies under the State Constitution, we limit our analysis to the Federal Constitution and do not consider whether our State Constitution compels the same conclusion. *See In the Matter of Josue T.*, 1999–

NMCA–115, ¶ 12, 128 N.M. 56, 989 P.2d 431 *cert. denied,* No. 25,868, 128 N.M. 149, 990 P.2d 823 (1999).

{6}  Our review of Defendant's claim under the federal constitution is *de novo.* All of the same evidence which was before the trial court in this case is also before this court, including the relevant documents. Therefore, the question to be determined is purely a question of law, which will be reviewed *de novo. State v. Attaway,* 117 N.M. 141, 145–46, 870 P.2d 103, 107–08 (1994). *See also Verchinski v. Klein,* 105 N.M. 336, 338, 732 P.2d 863, 865 (1987) ("Where the issue to be determined rests upon interpretation of documentary evidence, this Court is in as good a position as the trial court to determine the facts and draw its own conclusions.")

{7}  While it is fundamental that it is an "appellate court's duty on review of a criminal conviction to determine whether *any* rational jury could have found each element of the crime to be established beyond a reasonable doubt," *State v. Garcia,* 114 N.M. 269, 274, 837 P.2d 862, 867 (1992), Defendant is in error when he claims that his status as an habitual offender is an element of the offense with which he was charged. "[W]e have determined that habitual offender proceedings do not involve a determination of guilt of any offense." *State v. Aragon,* 116 N.M. 267, 269–70, 861 P.2d 948, 950–51 (1993). Therefore, it is unavailing to Defendant to argue that a "beyond a reasonable doubt" standard applies because the State is trying to establish an element of the underlying offense.

{8}  The Tenth Circuit Court of Appeals, in *United States v. Phelps,* 17 F.3d 1334, 1338 (10th Cir.1994), reasoned that because 18 U.S.C. § 924(e) (1994), which mandates a sentence of not less than fifteen years imprisonment with no possibility of parole

> does not create an indictable offense, but merely enhances the level of punishment, it follows *a fortiori* that the prosecution is not required to prove that a defendant committed each and every element of the predicate offenses "beyond a reasonable doubt." The predicate offenses are treated as necessary findings of fact that the

trial court must find before the enhancement provision may be applied. As a result, the trial court is simply required to find that the defendant was convicted of the prior offenses by a preponderance of the evidence.

(Citations omitted.)  Here, the State introduced documentary evidence. The Defendant argued that the sentence report did not show that he had been convicted of a felony possession of narcotics beyond a reasonable doubt as was constitutionally required.

{9}  The trial court judge stated that he did not "believe the burden is beyond a reasonable doubt." However, he apparently found the evidence of the existence of the prior conviction to be so overwhelming that he concluded, "I don't have any sense of doubt in this." The question is, what particular standard of proof is required to satisfy due process under the Federal Constitution? The answer is a preponderance of the evidence, as the Supreme Court first indicated in *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986) (holding that "States may treat 'visible possession of a firearm' as a sentencing consideration rather than an element of a particular offense").

> Furthermore, petitioners do not and could not claim that a sentencing court may never rely on a particular fact in passing sentence without finding that fact by "clear and convincing evidence." Sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all. Pennsylvania has deemed a particular fact relevant and prescribed a particular burden of proof. We see nothing in Pennsylvania's scheme that would warrant constitutionalizing burdens of proof at sentencing.

*Id.* at 91–92, 106 S.Ct. 2411 (citation omitted). The *McMillan* Court distinguished *Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), which applied the "clear and convincing evidence" standard where the State sought involuntary commitment to a mental institution, which is relied on by Defendant. *McMillan,* 477 U.S. at 92 n. 8, 106 S.Ct. 2411. The Court emphasized that a

criminal defendant has already been adjudged guilty beyond a reasonable doubt, and what is of concern are sentencing factors. *Id.* The Court has said more recently, "we have held that application of the preponderance standard at sentencing generally satisfies due process." *United States v. Watts,* 519 U.S. 148, 156, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *see also United States v. Johnson,* 130 F.3d 1420, 1430 (10th Cir.1997) (government to prove by a preponderance of the evidence that enhancement is appropriate under the Armed Career Criminal Act); *United States v. Cordero,* 42 F.3d 697, 702 (1st Cir.1994) (preponderance standard to be used at sentencing); *United States v. Howard,* 991 F.2d 195, 199 (5th Cir.1993) (burden on defendant to prove prior convictions constitutionally invalid).

{10}  Without denominating a standard of proof, this Court in *State v. Garcia,* 95 N.M. 246, 250–51, 620 P.2d 1271, 1275–76 (1980), established the burden shifting procedure in enhancement cases:

> [B]oth the State and the defendant have certain burdens of proof they must alternatively carry. The State makes a prima facie case upon proof that defendant has been convicted of a crime. The defendant must then produce evidence that supports the asserted invalidity. Once the defendant [has] presented this type of evidence, the State [has] the burden of persuasion as to the validity of the prior convictions.

(Citations omitted.) *See generally Parke v. Raley,* 506 U.S. 20, 24, 33, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992) (discussing a similar burden-shifting procedure utilized in Kentucky and concluding that "[the] range of contemporary state practice certainly does not suggest that allocating some burden to the defendant is fundamentally unfair.") Here, documentary evidence was presented by the State. Defendant pointed to an allegedly misplaced "x" on the sentence report, arguing that the prior conviction was non-existent because it could not be proven beyond a reasonable doubt. We see no reason not to apply *Garcia* where the issue is one of the existence of the prior conviction as opposed to its validity. In this case, there is not convincing proof of the non-existence of the prior conviction in light of all the other evidence available.

{11}  We hold that the State's burden of proving Defendant's prior conviction for possession of narcotics by a preponderance of the evidence was met. The district court's finding that the Defendant's prior conviction for possession of cocaine was followed by probation is supported by a preponderance of the evidence. Thus, we need not discuss whether had there been a conditional discharge, the defendant could still be subject to habitual offender treatment. *See State v. Burk,* 101 N.M. 263, 265, 680 P.2d 980, 982 (Ct.App.1984) (entry of guilty plea in Texas without adjudication of guilt not a "conviction" so as to invoke New Mexico habitual offender statute); *cf. State v. Edmondson,* 112 N.M. 654, 656–58, 818 P.2d 855, 857–58 (Ct.App.1991) (habitual offender treatment proper where prior Texas indictment was set aside upon defendant's successful completion of probation). We affirm Defendant's conviction as a habitual offender under Section 31–18–17(D).

{12}  **IT IS SO ORDERED.**

MINZNER, Chief Justice, BACA, FRANCHINI and SERNA, Justices, concur.