This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

　　Plaintiff-Appellee,

v.                                                          **NO.   29,878**

**EDWARD TAPIA,**

　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Albright Law & Consulting
Jennifer R. Albright
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

　　Defendant entered a plea of guilty to DWI. Defendant appeals the enhancement of his sentence based on two prior convictions. We proposed to affirm in a calendar

notice, and Defendant has responded with a memorandum in opposition. We have duly considered Defendant's arguments, but we are not persuaded by them. We affirm the district court's decision.

Defendant continues to claim that one of the two prior convictions, used by the State to enhance his sentence, was invalid. Therefore, Defendant argues, the sentence entered pursuant to the plea agreement was illegal. *See State v. Trujillo*, 2007-NMSC-017, ¶ 8, 141 N.M. 451, 157 P.3d 16 (holding that jurisdictional errors, including imposition of an illegal sentence, are not waived by entry of a guilty plea). To establish that Defendant had a prior conviction, the State was required to prove that he was the same person convicted of the prior crime, and less than ten years had passed since Defendant completed his sentence for the conviction. *See State v. Simmons*, 2006-NMSC-044, ¶ 8, 140 N.M. 311, 142 P.3d 899. The burden of proof alternates between the State and Defendant as follows:

> The State makes a prima facie case upon proof that defendant has been convicted of a crime. The defendant must then produce evidence that supports the asserted invalidity. Once the defendant [has] presented this type of evidence, the State [has] the burden of persuasion as to the validity of the prior convictions.

*See State v. Smith*, 2000-NMSC-005, ¶ 10, 128 N.M. 588, 995 P.2d 1030 (alterations in original) (internal quotation marks and citation omitted).

Defendant does not claim that he was not the person convicted of the prior crime or that more than ten years had passed since he completed his entire sentence for the crime. *See Simmons*, 2006-NMSC-044, ¶ 8. The only argument made by Defendant below and on appeal is that there was no proof presented by the State that Defendant was actually represented by counsel for the prior crime. As noted above, once the State makes a prima facie case that Defendant has a prior conviction, Defendant is required to "produce evidence" supporting his claim that he was not represented by counsel. *See Smith*, 2000-NMSC-005, ¶ 10. Defendant did not produce evidence to support his claim. Instead, below and in his memorandum in opposition to our calendar notice, Defendant only asserts that his prior conviction was uncounseled. We point out, however, that "[a]rgument of counsel is not evidence." *State v. Cochran*, 112 N.M. 190, 192, 812 P.2d 1338, 1340 (Ct. App. 1991).

Here, the State presented proof of the conviction entered on September 24, 1992, for an offense that occurred on July 19, 1992. **[DS 2]** The State also produced an order appointing counsel for Defendant. **[Id.]** Defendant admitted that he "received [the] sentence including incarceration." **[Id.]** The district court accepted the State's proof and found that Defendant was represented by counsel and the prior conviction was valid. We find no error by the district court.

For the reasons discussed in this opinion and in our calendar notice, we affirm the decisions of the district court.

**IT IS SO ORDERED.**

                                                          _____

                                                          **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**