This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** **No. 31,573**

**MARIO P. LOPEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Charles C. Currier, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals his conviction for driving-while-intoxicated (DWI) (fifth offense). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

Initially, we note that Defendant has reordered the issues being raised. For purposes of consistency, we address each issue as designated in the docketing statement and our calendar notice.

**Issue 1:** Defendant continues to challenge the sufficiency of the evidence to support his conviction for DWI. [MIO 6] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. The appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

In order to support his conviction, the evidence had to show that Defendant drove a vehicle under the influence of intoxicating liquor. [RP 98] *See* NMSA 1978, § 66-8-102(A) (2010). Here, Deputy Sheriff Thomas Hardy observed Defendant's vehicle swerving out of his lane at approximately 1:00 a.m. [MIO 1] Defendant was stopped and he admitted that he had been drinking. [MIO 2] Defendant performed

poorly on the field sobriety tests. [DS 2] Two breath tests were conducted, indicating a BAC of 0.18 on both tests. [DS 2] Based on this evidence, we conclude that there was sufficient evidence presented to support Defendant's conviction.

**Issue 2:** Defendant continues to argue that it was error for the district court to permit reference to the "finger dexterity" test and other alleged non-standardized field sobriety tests. [MIO 3] We disagree with the implication that the use of the term "test" is so misleading that jurors would place more importance on the reported results of the exercises than they inherently deserve. Nor are we inclined to believe that these apparent motor skills tests are scientific and require scientific testimony to explain their meaning, reliability, or significance to the case. *See* Rule 11-702 NMRA ("If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.").

Our courts have never considered an officer's observations of any motor skill test to require scientific knowledge, nor have we considered an officer's observations of such test results to require reliable scientific expertise for admission into evidence. *Cf. State v. Torres*, 1999-NMSC-010, ¶¶ 31, 33-34, 127 N.M. 20, 976 P.2d 20 (holding that the Horizontal Gaze Nystagmus (HGN) test requires scientific

3

knowledge and requiring reliable scientific evidence and testimony concerning the results for their admission into evidence). The *Torres* Court drew a distinction between the specialized knowledge required to observe and testify as to the results of the HGN test and the other "'self-explanatory'" field sobriety tests. *See id.* ¶ 31 (citation omitted). A defendant's performance on motor skills exercises appear to be some of the "'self-explanatory'" tests that reveal "'common physical manifestations of intoxication.'" *Id.* (citation omitted). For these reasons, we conclude that the district court did not err by permitting the officer to testify, without scientific foundational evidence, as to his observations of Defendant's performance on the motor skills exercises.

**Issue 3:** Defendant challenges the proof of two of his four prior convictions used to enhance his sentence. [MIO 7] The State does not have to show proof beyond a reasonable doubt of the prior DWI conviction, but instead must provide a preponderance of the evidence. *See State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051. Procedurally, the State has the initial burden of establishing a prima facie case that there is a prior DWI conviction. *See State v. Duncan*, 117 N.M. 407, 412, 872 P.2d 380, 385 (Ct. App. 1994), *abrogated on other grounds by State v. Brule*, 1999-NMSC-026, ¶¶ 3-6, 127 N.M. 368, 981 P.2d 782. The defendant is then entitled to come forward with contrary evidence to rebut the prima facie showing. *See*

4

*id.* The State ultimately bears the burden of persuasion. *See State v. O'Neil*, 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct. App. 1978).

Here, Defendant challenged the use of a 1994 Lincoln County conviction and a 2003 conviction. [DS 4] With respect to the 1994 conviction, Defendant claims that the paperwork "did not specify the sentence exposure sufficient to justify a voluntary and knowing waiver." [DS 4] Our calendar notice proposed to hold that the State satisfied its burden under the case law set forth above, and Defendant has not argued that the calendar notice misapplied the test. Instead, Defendant argues that recent changes in United States Supreme Court case law calls for a reevaluation of this test. [MIO 9-10] Our Supreme Court has held that the preponderance of the evidence standard controls for proof of prior convictions. *See State v. Smith*, 2000-NMSC-005, ¶ 1, 128 N.M. 588, 995 P.2d 1030. We are not authorized to overrule this precedent, and therefore we decline Defendant's invitation to revisit the issue. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that Supreme Court precedent controls).

For the reason set forth above, we affirm.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

5

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**MICHAEL E. VIGIL, Judge**

6