2001-NMCA-001

18 P.3d 1051

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Phillip SEDILLO, Defendant–Appellant.**

No. 20,398.

Court of Appeals of New Mexico.

Nov. 15, 2000.

Certiorari Granted, No. 26,688,
Jan. 9, 2001.

Patricia A. Madrid, Attorney General, Anita Carlson, Ass't Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Appellate Defender, Santa Fe, NM, for Appellant.

*OPINION*

PICKARD, Chief Judge.

{1} The practice of law in the metropolitan, municipal, and magistrate courts of this state is often conducted with a certain degree of informality. The question we address in this case is whether an order in the form of a judge's handwritten notations is sufficient to prove prior convictions for driving while intoxicated (DWI). We hold that a fact finder is permitted, but not required, to find the fact of a prior conviction where, as here, the

prior conviction is proved by a judge's handwritten abbreviations on a complaint. A defendant is, of course, permitted to challenge the fact of such a conviction, but a fact finder does not have to accept the challenge and may find that the defendant's challenge creates a mere conflict in the evidence and therefore find that the conviction occurred. The fact finder may also rule in favor of a defendant's challenge and find that the conviction did not occur.

{2} Defendant was convicted of his fourth offense of DWI and sentenced under NMSA 1978, § 66-8-102(G) (1999) for a fourth degree felony. Defendant appeals the sentence, claiming that the State did not prove a prima facie case of one of Defendant's prior DWI convictions. Defendant claims that this is his third DWI conviction and therefore a misdemeanor for sentencing purposes. We affirm the judgment and sentence of the trial court.

*FACTS AND PROCEDURAL HISTORY*

{3} In a plea agreement filed March 24, 1999, Defendant pleaded guilty to DWI contrary to Section 66-8-102, admitted to two prior DWI convictions, and agreed to the mandatory minimum sentencing requirement. Defendant also reserved his right to appeal the trial court's ruling that a fourth DWI conviction, Docket No. CR 15040-87, dated November 10, 1987, was valid for the purpose of sentence enhancement.

{4} At the hearing on Defendant's motion for an offer of proof of prior convictions, the trial court determined that the State's evidence was adequate to prove the 1987 conviction. The State presented three documents, the fronts of which are reproduced at the end of this opinion: a complaint filed with the metropolitan court that included a handwritten notation of a guilty plea with a judge's signature; a waiver of counsel form signed by the same judge and by Defendant; and a computer printout from the metropolitan court indicating a plea of guilty to "DWI FIRST OFFENSE." The complaint and the waiver were both certified on the back sides of the pages by the metropolitan court clerk on November 22, 1995, shortly after the commission of the second DWI offense to which Defendant admitted. The printout was certified by the metropolitan court clerk on March 12, 1999, in apparent anticipation of the proceedings in this case. At issue in this appeal is the adequacy of these documents to prove a conviction for sentence enhancement purposes.

*STANDARD OF PROOF AND REVIEW*

{5} The fourth degree felony designation is intended only to enhance punishment for repeat DWI offenders. *See State v. Anaya,* 1997-NMSC-010, ¶¶ 11-14, 123 N.M. 14, 933 P.2d 223. Proof beyond a reasonable doubt of the prior DWI convictions is not needed. *See id.; see also State v. Smith,* 2000-NMSC-005, ¶ 8, 128 N.M. 588, 995 P.2d 1030 (holding that, for the purposes of the habitual offender statute, the State must prove a prior conviction by a preponderance of evidence). The State bears the initial burden of establishing a prima facie case of a defendant's previous convictions. *See State v. Duncan,* 117 N.M. 407, 412, 872 P.2d 380, 385 (Ct.App.1994). The defendant is then entitled to bring forth contrary evidence. *See id.* However, the State bears the ultimate burden of persuasion on the validity of prior convictions. *See State v. O'Neil,* 91 N.M. 727, 729, 580 P.2d 495, 497 (Ct.App. 1978).

{6} In determining whether the evidence supports a criminal charge, this Court views the evidence in the light most favorable to the State. *See State v. Howard,* 108 N.M. 560, 560-61, 775 P.2d 762, 762-63 (Ct.App. 1989). This Court does not weigh the evidence and may not substitute its judgment for that of the trial court. *See id.* at 561, 775 P.2d at 763.

*DISCUSSION*

{7} Defendant argues that the State did not meet its initial burden of proving its prima facie case because the waiver of counsel and the judgment of the DWI offense in 1987 were not properly filed. *See* Rule 7-701 NMRA 2000. The complaint form is file-stamped, signed, and dated by the clerk of the metropolitan court on October 30, 1987. The apparent guilty plea is handwritten on the complaint, dated November 10, 1987, and signed by Judge Barnhart. The waiver of

counsel is signed by Defendant and also dated November 10, 1987, and signed by Judge Barnhart, but bears no file-stamp. Defendant contends that the lack of a second file-stamped date made after the guilty plea was written onto the complaint and after the waiver of counsel was signed renders this conviction invalid for the purpose of enhancing his sentence. Defendant further argues that, even if a guilty plea was correctly taken, there is no evidence regarding the charge to which Defendant pleaded guilty. We disagree.

■ {8} On the reverse sides of both the complaint and the waiver of counsel forms is a certification by the clerk of the metropolitan court dated November 22, 1995. Extrinsic evidence of authenticity is not required for a copy of an official record that is certified to be correct by the appropriate custodian. *See* Rule 11–902(D) NMRA 2000; *see also Duncan,* 117 N.M. at 412, 872 P.2d at 385 (finding that certified copies of prior guilty pleas were sufficient proof of convictions for the purpose of habitual offender enhancement); *cf. State v. Dawson,* 91 N.M. 70, 71–72, 570 P.2d 608, 609–10 (Ct.App.1977) (recognizing that properly authenticated court records are reliable). The court certifications on the complaint and the waiver of counsel forms ensure that the information in the documents, including the judge's notations and signature, is authentic and trustworthy. *See* Rule 11–902(D). The metropolitan court printout confirms that Defendant pleaded guilty to "DWI FIRST OFFENSE" and was sentenced to DWI school and assessed a total of $105 in fees. Defendant argues that the printout is merely a clerk's interpretation and is only derivative evidence. However, our rule confirms that a writing authorized by law to be recorded that is in fact recorded in a public office, including data compilation from the public office where items of that nature are kept, meets the requirements of authentication. *See* Rule 11–901(B)(7) NMRA 2000. Regardless of who keyed the information into the computer or when it was done, metropolitan court certification again ensures this document's trustworthiness. We also note that all three documents in question are consistent in that they all include Defendant's name, the date

of the plea (November 10, 1987), and the correct docket number (CR 15040–87). The lack of a file-stamp on a certified document adjudging guilt does not negate, as a matter of law, the rest of the evidence tending to prove Defendant's prior DWI conviction in 1987.

{9} Finally, Section 66–8–102(M)(2) states that " 'conviction' means an adjudication of guilt and does not include imposition of a sentence." This definition is a codification of the rule applicable to habitual offender cases that conviction means the establishment of guilt by plea or finding and does not include the imposition of sentence. *See State v. Larranaga,* 77 N.M. 528, 529, 424 P.2d 804, 805 (1967); *see also State v. Castillo,* 105 N.M. 623, 624, 735 P.2d 540, 541 (Ct.App.1987) (holding that a guilty plea, even though not reduced to a written judgment and sentence, could be used to enhance a subsequent offense). Thus, there does not need to be a filed and stamped judgment and sentence. The trial court stated that he had served in the metropolitan court with Judge Barnhart and was familiar with the notations of the court. He determined that the notations indicated that Defendant pleaded guilty. Furthermore, the notations on the complaint read that the Defendant pleaded guilty to a first DWI and the signature appears to be that of Judge Barnhart. The certified computer printout from the metropolitan court also notes that the Defendant pleaded and was judged guilty of DWI, first offense. The evidence therefore indicates an adjudication of guilt resulting in a conviction as defined by Section 66–8–102(M)(2).

*CONCLUSION*

{10} Three court-certified documents all indicating that Defendant pleaded guilty and was convicted of a first DWI offense before Judge Barnhart on November 10, 1987, permitted the trial court as fact finder to determine it more probable than not that Defendant was convicted of that offense. For the reasons stated above, we conclude that the trial court could have found, by a preponderance of the evidence, that Defendant was convicted of DWI (first offense) on Novem-

ber 10, 1987. We affirm the conviction and sentence imposed by the trial court.

{11} IT IS SO ORDERED.

WE CONCUR: M. CHRISTINA ARMIJO, Judge, JONATHAN B. SUTIN, Judge.

```
                    Print Key Output                                Page  1
    T1SS1 VSRTMO 961102          METRO              03/12/99  14:16:56

    Display Device         CRIM08
    User  . . . .          SPEREA

    3/12/99           Bernalillo County Metropolitan Court        14:16:23
    SPEREA                 Court Docket Inquiry                    TSR5000
                                                                  CRIM08
    CASE #: CR 15040/87 SEDILLO PHILLIP JOSEPH     No: 01
    Hearing Date: 11/10/87 Time: 13:30 Type: BOND ARRAIGN   Entered by: VONARHEIM
    Charge: DWI FIRST OFFENSE              No: 001   Citation: 1358142
    Plea: GUILTY     Judgement GUILTY
    Reduced to:                                        Speedy Trial:
      Sentence:        SET   SUS/WRK    BAL   END DATE CMP DATE COMMENTS
    COURT COSTS        20               20    12/10/87
    APD LAB FEE - DWI  25               25    12/10/87          EXTENSION
    CORRECTION FEE     10               10    12/10/87
    DWI SCHOOL                                        1/23/88  SUCCESSFUL
    DWI SCHOOL FEE     50               50    12/10/87          EXTENSION
    1ST OFFENDER PGM                                           SUPERSEDE

              TOTAL:  $105          $105
      Comments:
    F3=Exit    F4=Pymnt   F5=Bnd Inq   F6=Schools   F7=Sum Inq   F8=Info  F9=CS Inq
```

I, ~~Rosemdprin~~ , Criminal Clerk, of the Bernalillo County Metropolitan Court of New Mexico, hereby certify that the foregoing is a true, correct, and full copy of the instrument herewith set out as appears of record in my office.

Dated this 12th day of March 19 99

Criminal Clerk
Clerk of the Bernalillo Metropolitan Court

By _____

Arrest Date: _10/29/87_ D.L. _317 12 448_ Docket No. _____ CR: 5040-87 _____ ☒ JUSTICE OF THE PEACE ☒ CITY OF ALBUQUERQUE ☐ COUNTY OF BERNALILLO

Name: _SEDILLO, PHILLIP J._ Arrest No. ... _____ _____ v. Defendant(s)

Address: _2800½ SIOUX ST NW_ Citation No. _826026-A_

_ALBUQ    NM_ _27-A, 28-A, 135844 SEDILLO, PHILLIP_

D.O.B. _11/29/57_ S.S.N. _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_ Date Filed _10/30/87_

Charge: _DRIVING WHILE INTOXICATED,_ COUNTY OF BERNALILLO IN THE METROPOLITAN COURT

_SPEEDING 65-55, FAILURE TO MAINTAIN A LANE,_ CRIMINAL COMPLAINT

_NO INSURANCE_ ... Complainant or Officer: _T. WARD A.P.D._

The undersigned, being duly sworn, upon his oath, complains and says that on or about

_29TH_ day of _OCTOBER_ , 19 _87_ . in the City of _ALBUQUERQUE_ ,

in the County of _BERNALILLO_ ,

of New Mexico, the above named defendant(s) did: _DRIVE A MOTOR VEHICLE WEST ON I-40_

(here state the essential facts) _AT 65 MPH IN A 55 MPH ZONE. ALSO FAILED TO_

_STAY WITHIN HIS TRAFFIC LANE. WAS STOPPED AND HAD_

_NO AUTO INSURANCE. SUBJECT HAD A ODOR OF ALCOHOL ABOUT_

_HIM, FAILED FOUR FIELD SOBRIETY TESTS, AND A BREATH_

_TEST. WAS FOUND TO BE INTOXICATED._

_11/10/87 - 1 pl 6 - MM - 1st DPT fee + law_

_b/fr at 3 no. adr: ___

_66-7-301_

Contrary to Section(s) _66-8-102 A,C  66-5-229 c  (GS-4.49 CITY)_ NMSA 1978.

Subscribed and sworn to before me in the above named County of the State of New Mexico this _29TH_ day _T. WARD_

_OCTOBER_ , 19 _87_. Complainant

_Manuel M. Romero_

Judge, notary or other officer _MY COMMISSION_

authorized to administer oaths _EXPIRES 6-3-89_

_P/c  8287_ Title (if any)

FILED IN THIS OFFICE TIME 9:17 OCT 30 1987 BY CLERK-METROPOLITAN COURT

Defendant appeared voluntarily in response to New Mexico Uniform Citation. No: _____ issued by

Approved: _____

_____ (Name of officer)

_____ (Name of officer's department)

(Do not have complainant sign at right whenever defendant appears voluntarily in response to New Mexico Uniform Citation. Attach copy of citation to this page as permanent record.)

DISTRICT ATTORNEY OR LAW ENFORCEMENT OFFICER

This Complaint may not be filed without the prior payment of a filing fee unless approved by the District Attorney or a law enforcement officer authorized to serve an Arrest or Search Warrant. Approval of the District Attorney or a law enforcement officer is not otherwise required.

Approved: Supreme Court, October 1, 1974; amended October 1, 1976.

R P 0077

NO. 448    P.4/6

STATE OF NEW MEXICO                     COUNTY OF BERNALILLO

IN THE METROPOLITAN COURT

STATE OF NEW MEXICO                     No. *CR 15040/87*

*Sedillo Phillip*
v.

Defendant(s)

## WAIVER OF COUNSEL

(To be used only if, upon conviction, the defendant may be deprived of his liberty)

I understand that I am charged with the following offense(s): *driving under the influence of alcohol - speed - no insurance failure to maintain traffic lane*
(strike inapplicable words or parts) which (is) (are) (misdemeanor(s)) (felony-ies) under the law and that if I am found guilty I can be given a severe punishment, including imprisonment in (the New Mexico State Penitentiary) (County Jail) and a fine.

I understand that under the constitutions of the United States and the State of New Mexico, I have the right to be represented by a lawyer at all stages of the criminal case-before trial, at the trial itself, during proceedings to determine what sentence should be imposed if I am found guilty, and any appeal. I understand that if I am unable, without undue hardship, to pay for all or a part of the expense of legal representation from available present income and assets, a lawyer will be furnished for me free of charge.

After reading and understanding all of the above, I hereby give up my rights to a lawyer in this case, and to have a lawyer furnished for me free of charge if I cannot afford one.

**DO NOT SIGN THIS FORM IF YOU WANT AN ATTORNEY.**

**DO NOT SIGN THIS FORM UNLESS YOU HAVE READ IT AND UNDERSTAND IT.**

_____
DEFENDANT

I find that the defendant, knowingly, voluntarily and intelligently with full awareness of his rights, has waived his right to counsel.

_____
JUDGE

Date: *11/10/87*

_____
(DISTRICT PUBLIC DEFENDER)
(IF NONE, OTHER APPOINTED COUNSEL)

APPROVED OCTOBER 1, 1947; AMENDED OCTOBER 1, 1976
FORM: M.026                                              RP0079

2001-NMCA-004                     Court of Appeals of New Mexico.

18 P.3d 1056                       Dec. 14, 2000.