**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                          **No. 28,855**

**REUBEN BEGAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Chief Judge.**

Defendant appeals his conviction for driving while intoxicated (DWI). We issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we uphold Defendant's conviction and sentence.

On appeal, Defendant challenges the sufficiency of the State's showing that he had three prior convictions for DWI. [DS 3] We understand Defendant to contend that the State failed to make a prima facie showing that he is the same individual associated with one of the three prior convictions. *See generally State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051 ("The State bears the initial burden of establishing a prima facie case of a defendant's previous convictions.").

As we observed in the notice of proposed summary disposition, the State satisfied its burden by presenting documents indicating that an individual named Reuben Begay was convicted of DWI in Gallup Magistrate Court in 1988. [DS 2; RP 27-28] Although Defendant has challenged the probative value of these documents on grounds that they do not reflect the subject's date of birth or social security number [DS 2-3; RP 27], Defendant has cited no authority which could be said to require such supplemental information. *See generally In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (observing that if an appellant fails to cite supporting authority, the appellate courts will assume there is none). Below, the district court observed that the individual named in the documents bears the same first and last names as Defendant and that the documents contain a signature which is "obviously the same" as Defendant's signature. [RP 28] We conclude that this was sufficient to

establish identity. *See, e.g.*, *Sedillo*, 2001-NMCA-001, ¶¶ 2, 4, 10 (holding that the prosecution made a prima facie case and ultimately bore its burden of persuasion by presenting certified documents including signatures of both the judge and the defendant, as well as a computer printout from the metropolitan court indicating a plea of guilty to DWI). In light of the State's prima facie showing, as well as Defendant's failure to present any conflicting evidence, we conclude that the State satisfied its ultimate burden of proof by a preponderance of the evidence. *See id.* ¶¶ 5, 10 (observing that the prosecution must prove prior DWI convictions by a preponderance of evidence).

In his memorandum in opposition, Defendant argues that State should have been required to prove the prior conviction beyond a reasonable doubt, rather than by a preponderance of the evidence. [MIO 3-12] However, as Defendant acknowledges, our Supreme Court has held that prior convictions need only be proven by a preponderance of the evidence. *See State v. Smith*, 2000-NMSC-005, ¶ 9, 128 N.M. 588, 995 P.2d 1030. Additionally, this Court has rejected the very argument that Defendant advances in his memorandum in opposition. *See State v. Bullcoming*, 2008-NMCA-097, ¶¶ 25-27, 144 N.M. 546, 189 P.3d 679 (holding that neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000), nor its progeny require prior

convictions to be proved beyond a reasonable doubt and concluding that the "beyond a reasonable doubt standard does not apply to a finding of a prior DWI conviction for purposes of DWI sentencing"), *cert. granted*, 2008-NMCERT-007, 144 N.M. 594, 189 P.3d 1216.

For the reasons stated in this opinion and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**