This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 29,639**

**HERMAN BEYALE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from a district court judgment and sentence for fifth offense DWI. We issued a calendar notice proposing to affirm, and Defendant has responded with a memorandum in opposition. We affirm.

The sole issue in this case involves a challenge to one of four prior driving-while-intoxicated convictions used to enhance Defendant's sentence. The State does not have to show proof beyond a reasonable doubt of the prior DWI conviction, but instead it must provide a preponderance of the evidence. *State v. Anaya*, 1997-NMSC-010, ¶¶ 11-14, 123 N.M. 14, 933 P.2d 223 (filed 1996); *State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051 (filed 2000). Procedurally, the state has the initial burden of establishing a prima facie case that there is a prior DWI conviction. *See*. *Sedillo*, 2001-NMCA-001, ¶ 5. The defendant is then entitled to come forward with contrary evidence to rebut the prima facie showing. *See id.* The state ultimately bears the burden of persuasion. *See id.*

Defendant challenged the use of a 1989 DWI conviction. [DS 1] The State relied on a Farmington municipal court final order, the criminal complaint, a waiver of counsel, and a citation. [DS 1] The district court found that the conviction was a valid prior, noting the similarity of the social security number, date of birth, and signature. [RP 48] Our calendar notice observed that, although Defendant tried to rebut this evidence with evidence that he had worked in California that year and that a family member might have assumed his identity at the time [RP 47-48], the district

court, sitting as factfinder, was free to reject this theory. [CN 2] *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (observing that the factfinder is free to reject a defendant's version of events). We also noted that even if Defendant had been working in California in 1989, this fact is not proof that he was not in Farmington on the date of the DWI. [CN 2] Finally, we observed that, to the extent that Defendant was challenging the validity of the signature, we believe that it satisfies the State's prima facie burden, and Defendant had to rebut this evidence with something more than a mere assertion that it was invalid. [CN 2-3] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 566, 915 P.2d 318, 322 ("An assertion of prejudice is not a showing of prejudice.").

In his memorandum in opposition, Defendant advocates that we reject the preponderance of the evidence standard and that we adopt a heightened standard that he believes is more consistent with notions of due process that emanate from recent United States Supreme Court case law in the separate but analogous Sixth Amendment context. [MIO 4-13] As Defendant concedes, however, there is no direct United States Supreme Court authority that supports his position; to the contrary, existing authority by that Court is that the heightened Sixth Amendment protections on which Defendant relies by analogy do not apply to recidivist statutes. [MIO 9] In the absence of any direct authority from that Court, [MIO 11] we are bound by the case law of our New Mexico Supreme Court. *See Alexander v. Delgado*, 84 N.M. 717,

718, 507 P.2d 778, 779 (1973). Our Supreme Court has adopted the preponderance of the evidence standard. *See State v. Smith*, 2000-NMSC-005, ¶ 9, 128 N.M. 588, 995 P.2d 1030. To the extent that Defendant believes that *Smith* was wrongly decided [MIO 11], he must address his arguments to our Supreme Court. For the reasons discussed above, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**ROBERT E. ROBLES, Judge**


_____
**LINDA M. VANZI, Judge**