This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 34,092**

**PAUL VILLANUEVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Defendant appeals his convictions for kidnapping, aggravated burglary; assault with the intent to commit a violent felony on a household member; two counts of criminal sexual penetration (CSP) with a deadly weapon; four counts of aggravated assault upon a peace officer; and resisting, evading, and obstructing an officer of the law. [MIO 1; DS 1; RP v.2/567-68] Our notice proposed to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement. We deny Defendant's motion to amend the docketing statement and remain unpersuaded by Defendant's arguments, and therefore affirm.

{2}     We address first Defendant's motion to amend his docketing statement. Defendant seeks to add the issue of whether there was sufficient evidence to sustain his conviction for aggravated assault. [MIO 12-14] As support for this issue, Defendant refers to *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 12, 14] Defendant argues that video from the lapel cameras of the four police officers indicates that Defendant only pointed a gun at two officers, and it was the presence of the gun that caused the other officers to duck. [MIO 14] Defendant's argument asks us to reweigh the evidence, which we do not to do on appeal. *State v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051 ("This Court does not weigh the evidence and may not substitute its judgment for that of the trial court."). As observed in our notice, the record indicates that four law enforcement officers

testified at trial that Defendant pointed a gun at them and that they were in imminent fear of being shot by Defendant. [CN 8] We hold that this was sufficient evidence to convict Defendant of aggravated assault. *Cf. State v. Charlton*, 1992-NMCA-124, ¶ 7, 115 N.M. 35, 846 P.2d 341 (holding that victim's testimony that the defendant "took a gun out of his back pocket, pointed it at [the victim's] head, and threatened to kill him" constituted sufficient evidence to sustain a conviction for aggravated assault with a deadly weapon). Further, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Because the issue Defendant seeks to add is not viable, we deny his motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{3}     Apart from his motion to amend the docketing statement, Defendant continues to raise four issues on appeal. With respect to the denial of Defendant's motion to suppress, he argues first that no exigent circumstances justified the officers' warrantless search, and second, that Defendant had an expectation of privacy in Victim's home. [MIO 3-7] Third, Defendant argues that his convictions for four counts of aggravated assault on a police officer violate double jeopardy. [MIO 7-8]

3

Fourth, Defendant contends that his convictions for two counts of criminal sexual penetration with a deadly weapon violate double jeopardy. [MIO 8-12]

{4}     We turn to Defendant's first and second arguments that no exigent circumstances justified the officers' warrantless search and that Defendant had an expectation of privacy in Victim's home. [MIO 3-7] As support for his continued argument, Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *Boyer*, 1985-NMCA-029. [MIO 6] For the same reasons provided in our notice, we hold that there was substantial evidence to support the district court's finding of exigent circumstances and a lack of standing to challenge the warrantless search. *See State v. Crocco*, 2014-NMSC-016, ¶ 22, 327 P.3d 1068 (holding that a defendant failed to show that he had standing when he "did not respond to the officers' questions about whether he had permission to be there or whether the residents of the house knew he was there[,]" the homeowner did not testify, and the defendant's friend testified that he dropped the defendant at the residence so that he could pick up his car); *State v. Aragon*, 1997-NMCA-087, ¶ 18, 123 N.M. 803, 945 P.2d 1021 (upholding a district court's finding of exigency where the victim told officers earlier in the day that the defendant had hit and bruised her, a domestic disturbance was reported to dispatch, a woman outside of the apartment stated that there was fighting inside, officers could hear yelling coming from the apartment, the

4

fighting continued after the officers came inside, and officers saw the defendant with his arm around the victim's neck and a knife in his hand upon entry).

{5} Third, Defendant continues to argue that his convictions for four counts of aggravated assault on a peace officer violate double jeopardy. As support for his continued argument, Defendant refers to *Boyer*, 1985-NMCA-029. [MIO 8] Our notice observed that the Legislature has demonstrated an intent to make each victim of assault the subject of a separate charge, and evidence was presented at trial that each victim subjectively felt an objectively reasonable fear of imminent harm as a result of Defendant's conduct. As such, for the reasons extensively detailed in our notice, we are unpersuaded that Defendant's right to be free from double jeopardy was violated. *See State v. Roper*, 2001-NMCA-093, ¶ 12, 131 N.M. 189, 34 P.3d 133 (stating that it is permissible to convict or sentence a defendant for two counts of assault for pointing a gun at two persons at the same time because the legislative focus of the assault statutes is protection of victims from mental harm).

{6} Fourth, Defendant continues to argue that his convictions for two counts of criminal sexual penetration (CSP) with a deadly weapon violate double jeopardy. [MIO 8-12] As support for his continued argument, Defendant refers to *Boyer*, 1985-NMCA-029. [MIO 10, 12] As provided in our notice, evidence was presented that Defendant's penis penetrated both Victim's mouth and vagina. *See generally Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624 (enumerating six factors

5

to consider in evaluating whether a continuous sexual attack constitutes multiple offenses and concluding that penetrations of separate orifices with the same object is enough, on its own, to constitute separate offenses). We acknowledge Defendant's continued reliance on *State v. Mares*, 1991-NMCA-052, 112 N.M. 193, 812 P.2d 1341, to support his argument that the evidence does not establish multiple offenses. [MIO 11-12; DS 12] We note that *Mares* is distinguishable because it addresses the crime of battery, not criminal sexual penetration. Accordingly, for the reasons extensively detailed in our notice, [CN 10-11] we hold that no double jeopardy violation occurred.

**{7}** To conclude, for the reasons detailed in our notice and discussed above, we affirm.

**{8}** **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**



_____

**MICHAEL E. VIGIL, Judge**