This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v. **No. 33,359**

**FERMIN GARCIA**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe-Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Fermin Garcia (Defendant) appeals from the district court's judgment and sentence for driving while under the influence (DWI), wherein the district court enhanced his sentence using a prior DWI conviction. This Court's first calendar notice

proposed to affirm. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the judgment and sentence.

{2}     Defendant argues that the State did not meet its burden of establishing that the prior DWI conviction was a useable prior conviction to enhance his sentence because there was no valid waiver of the right to counsel. Defendant also continues to argue that unless the waiver of counsel was valid, he had a right to counsel under the Sixth Amendment, and under Article II, Section 14 of the New Mexico Constitution. [MIO 1-4, 13-16] We hold that the State established Defendant was not deprived of his right to counsel in the prior proceeding because there was a waiver of counsel. Because the propriety of the waiver of counsel is dispositive, and we affirm the district court on this issue, we do not address Defendant's constitutional issues.

{3}     Defendant maintained below in his argument to the district court and again on appeal that unless he waived his right to counsel the prior DWI conviction could not be used to enhance his sentence. [RP 37; MIO 2] This Court's first calendar notice proposed to affirm the district court's determination that there was a waiver of counsel. Defendant continues to argue that the State failed to meet its burden of proving a valid waiver of the right to counsel. [MIO 6] Defendant seems to argue that the State needed to show something more before the burden shifted to Defendant to

present contrary evidence. [MIO 5-6] *See State v. Sedillo*, 2001-NMCA-001, ¶ 5, 130 N.M. 98, 18 P.3d 1051 ("The defendant is then entitled to bring forth contrary evidence."). However, to meet its initial burden, the State need only establish a "prima facie case of a defendant's previous convictions." *Id.* This Court's first notice proposed to conclude that the Motor Vehicle Department (MVD) abstract presented by the State was sufficient to meet its initial burden because the abstract indicated that Defendant had waived counsel. Defendant argues that aside from the MVD abstract, the State offered no additional evidence to prove a valid waiver of the right to counsel, such as evidence concerning how the MVD abstract was prepared, what information it was based upon, or the reliability of the assertions contained in the document. [MIO 6, 10]

{4}     We disagree with Defendant's argument, and conclude that the State met its burden. By statute, every trial judge in New Mexico is required to prepare and forward to the MVD abstracts of convictions that indicate whether a Defendant is a first or subsequent offender. *See* NMSA 1978, § 66-8-135(C)(7) (2013). The MVD must then file these abstracts of convictions, indicating "either that a driver is a first offender or a subsequent offender . . . ." NMSA 1978, § 66-5-23(B) (2003). Because this was a record mandated by statute to be created by the trial court judge and maintained by the MVD, we hold that the abstract was sufficient to meet the State's initial burden of

3

establishing a prima facie case of Defendant's prior DWI conviction. *See Sedillo*, 2001-NMCA-001, ¶ 6 ("In determining whether the evidence supports a criminal charge, this Court views the evidence in the light most favorable to the State.").

{5} Defendant asserts that his testimony placed into issue whether his waiver of counsel in the prior case was knowing, intelligent, and voluntary, and that the indication on the abstract of a waiver of counsel was insufficient. [MIO 5] Defendant presented contrary evidence by way of his own testimony, which the district court judge apparently rejected. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that conflicts in the evidence are to be resolved by the fact finder; the fact finder is free to reject the defendant's version of events). We therefore proposed affirmance on the basis that this Court would not reweigh the evidence or substitute our judgment for that of the district court. [CN 3] *See Sedillo*, 2001-NMCA-001, ¶ 6 (stating that as an appellate court, we do not weigh the evidence or substitute our judgment for that of the district court). Because "[a]n appellate court does not observe the demeanor of live witnesses, cannot see a shift of the eyes . . . or take notice of other signs that may mean the difference between truth and falsehood to the fact finder," we defer to the district court's assessment of credibility. *Tallman v. ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 7, 108 N.M. 124, 767 P.2d 363; *see also Evans v. State Taxation & Revenue Dep't, Motor Vehicle Div.*, 1996-NMCA-080, ¶

4

9, 122 N.M. 216, 922 P.2d 1212 ("Traditionally, our legal system has depended upon personal contact between the fact finder and the witness to allow the fact finder to observe the demeanor of the witness as a means of assessing credibility."). Because Defendant does not point to any error in the law with that proposal, we affirm the district court's determination that there was a valid waiver of counsel. *State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

{6}    Lastly, Defendant contends that this Court's proposal rests on a misreading of *State v. Nash*, 2007-NMCA-141, ¶ 3, 142 N.M. 754, 170 P.3d 533, because we proposed to conclude that Defendant is collaterally attacking his prior conviction and the issue should be raised in a habeas proceeding. This Court addressed the limited issue on appeal of whether the district court erred in deciding that the State met its burden, by a preponderance of the evidence, of showing that Defendant had a useable prior DWI conviction for enhancement purposes. *See State v. Smith*, 2000-NMSC-005, ¶ 11, 128 N.M. 588, 995 P.2d 1030 (stating that in proving prior convictions for habitual offender enhancement, the State need only meet the standard of preponderance of the evidence). Defendant could and did argue, both in the district court during the enhancement proceeding, and again on appeal, that the prior

conviction was not useable to enhance his sentence because there was not a valid waiver of counsel. This Court addressed the merits of his argument in its proposal, and again herein. We are not persuaded by Defendant's arguments in the memorandum in opposition, and affirm the district court's decision.

{7}     We conclude that the State met its burden of establishing that Defendant's prior DWI conviction was useable to enhance his sentence. Because we affirm the district court's decision that there was a valid waiver of counsel, we need not address Defendant's remaining constitutional issues. For these reasons, and those stated in the first notice of proposed disposition, we affirm the judgment and sentence.

{9}     **IT IS SO ORDERED**.


_____
**CYNTHIA A. FRY, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**

6