This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **No. A-1-CA-35961**

**WAYLON JOHNSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant Waylon Johnson argues that the State failed to establish that his prior aggravated driving while intoxicated (DWI) conviciton was valid for the  purposes of

enhancing his sentence. This Court's notice proposed to affirm. Defendant filed a memorandum in opposition to this Court's proposed disposition. Not persuaded by Defendant's arguments, we affirm.

{2}    Defendant essentially reasserts the same arguments made in the docketing statement. [DS 3, MIO 1, 4-5] He continues to argue that the notation "Plea Agreement Asst City Atty A. Bell & Public Defender," in the "Final Order on Criminal Complaint" (Final Order) [RP 58] was insufficient to establish a valid prior conviction because the evidence did not show that he was represented by counsel or that he waived counsel. Defendant asserts that the commitment order showing he pled guilty at arraignment did not indicate if he was represented by counsel, and the waiver of counsel box was not marked; nor did it refer to a plea agreement. [RP 61] He also asserts that unlike the "Final Order," the order on Defendant's failure to comply with probation in that case contains a notation that Defendant "signed a waiver of counsel" [RP 57], and Defendant's signed "waiver of counsel" is included [RP 62]. Thus, Defendant essentially implies that because there was no waiver of counsel form attached to the Final Order, as there was for the probation violation order, or entry of appearance by an attorney, the evidence does not establish that he entered into a counseled plea agreement. [MIO 3] The only other additional facts provided seem to have come from the transcript of the hearing. Defendant asserts that the district court judge examined the municipal court file and noted with concern that the pleadings

contained no plea agreement. [MIO 2; RP 57-66] In addition, the district court apparently took judicial notice of the fact that the city of Farmington provides a public defender to indigent parties in municipal court and that the notation "Public Defender" connotes a licensed attorney. [MIO 3]

**{3}** We are not persuaded that the district court erred. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred). While the memorandum in opposition provides additional facts from the hearing, it does not point to any errors in fact or law relied upon in this Court's proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Moreover, Defendant presented no evidence to the contrary, such as testimony asserting he was not, in fact, represented by counsel. *See State v. Bullcoming*, 2008-NMCA-097, ¶ 22, 144 N.M. 546, 189 P.3d 679 ("If the state presents a prima facie case, the defendant may present contrary evidence."). Based on the evidence in the record, we conclude that the State met its burden of proving Defendant's prior DWI conviction by a preponderance of the evidence. *See State v. Sedillo*, 2001-NMCA-001, ¶¶ 5, 6, 130 N.M. 98, 18 P.3d 1051 (viewing the evidence in the light most favorable to the state, while recognizing that "[p]roof beyond a reasonable doubt of the prior

3

DWI convictions is not needed"); *see also Bullcoming*, 2008-NMCA-097, ¶ 25 (recognizing holding that "in proving prior convictions for habitual offender enhancement, the [s]tate need only meet the standard of preponderance of the evidence").

{4}     For these reasons, and those stated in this Court's calendar notice, we affirm.

{5}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**

4