This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38475**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**LEVI H. MANUELITO,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** In this appeal, after Levi H. Manuelito (Defendant) pleaded guilty to driving while intoxicated (DWI), the district court enhanced Defendant's sentence to twelve years' incarceration based on prior DWI convictions. Defendant challenges the evidence supporting the enhanced sentence.[1] We affirm**.**

---

1Additionally, Defendant argues that "[a] mugshot as well as the criminal complaint and judgment and sentence, should be required to prove" prior convictions for DWI. We decline to reach the merits of this

**{2}**     Because this is a memorandum opinion and the parties are familiar with the facts and procedural history, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

**{3}**     The district court enhanced Defendant's sentence after finding his August 15, 2018 DWI was "at least a twelfth (12th) DWI," based on a series of DWI convictions beginning in 1985 and continuing until the 2018 plea and conviction that formed the basis for the present appeal. On appeal, Defendant contends that the 2018 DWI sentence should not have been enhanced because the State failed to prove that Defendant is the person who committed each of the prior DWIs. "In determining whether the evidence supports a criminal charge, this Court views the evidence in the light most favorable to the [s]tate [and] does not weigh the evidence and may not substitute its judgment for that of the [district] court." *State v. Sedillo*, 2001-NMCA-001, ¶ 6, 130 N.M. 98, 18 P.3d 1051 (citation omitted).

**{4}**     A person with eight or more DWI convictions "shall be sentenced to a term of imprisonment of twelve years, ten years of which shall not be suspended, deferred or taken under advisement." NMSA 1978, § 66-8-102(K) (2016). The State bears the initial burden to establish "a prima facie case of a defendant's previous convictions" by a preponderance of the evidence*. Sedillo*, 2001-NMCA-001, ¶ 5. "When and if this burden has been met, it is then the defendant's burden to produce evidence that supports the assertion of invalidity." *State v. Clements*, 2009-NMCA-085, ¶ 22, 146 N.M. 745, 215 P.3d 54. Because Defendant pleaded guilty to the 2018 DWI before his sentencing hearing, the State was only required to prove that Defendant had seven additional prior DWI convictions to support Defendant's enhanced sentence. *See* § 66-8-102(K) (requiring the district court to enhance the sentence "[u]pon an eighth or subsequent conviction").

**{5}**     We therefore consider the State's evidence of eleven prior convictions to determine whether substantial evidence supported a conclusion that Defendant is the individual who was convicted in at least seven other cases.[2] We group and discuss together those convictions with the most similar facts.

## Convictions Six and Nine

argument because Defendant presents no authority to support it, *see State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200, and because he does not adequately explain why we should abandon our fact-driven approach to proving prior convictions and embrace the bright-line rule he proposes. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶¶ 70-71, 309 P.3d 53.

2The State presented fingerprint evidence contained within an investigative report to connect Defendant with differing dates of birth associated with Defendant's various DWI arrests. Defendant contends that the fingerprint evidence is "unreliable and insufficient." Because Defendant did not object to the investigative report when it was offered at the sentencing hearing and the evidence presented at the hearing was sufficient to connect Defendant to seven prior convictions without the fingerprint evidence, we need not address Defendant's evidentiary objections regarding the fingerprint evidence.

**{6}** Convictions Six and Nine set forth Defendant's name, as well as his admitted social security number (the "consistent social security number"), and his date of birth. We conclude that a reasonable person would consider this evidence, viewed in the light most favorable to the State, is sufficient to establish that Defendant was the individual convicted for those DWIs. *See Clements*, 2009-NMCA-085, ¶¶ 26-27 (describing the evidence that is sufficient to support a prior felony as "evidence that a reasonable person would consider adequate to support a defendant's guilt").

**Convictions Eight, Ten, and Eleven**

**{7}** Convictions Eight, Ten, and Eleven were entered into the Aztec District Court in 2001, 2008, and 2013. These three convictions include Defendant's correct name and his consistent social security number, but the identified birth date, while similar to Defendant's, was off by one number for each of these convictions. In *Clements*, this Court determined that "a three-page judgment that simply stated a name similar to [the d]efendant's name and nothing else" did not establish identity for the purpose of sentence enhancement by prior conviction. *Id.* ¶¶ 22, 29. Defendant seeks to extend this holding by arguing that a matching name and social security number are "insufficient to prove a prior by a preponderance of the evidence." Defendant, however, cites no authority to support this proposed extension of *Clements*, and he has not adequately developed an argument to support such an extension. Defendant further has presented only argument, not evidence, to support his claim that someone else could be using his name and social security number. We therefore decline to address the merits of these arguments and conclude that the State satisfied the requisite prima facie showing. *See Elane Photography*, 2013-NMSC-040, ¶¶ 70-71; *Casares*, 2014-NMCA-024, ¶ 18; *cf. State v. Lopez*, 2009-NMCA-127, ¶ 43, 147 N.M. 364, 223 P.3d 361 (rejecting an argument of counsel as a basis for establishing a prior conviction).

**{8}** A reasonable person could consider the State's evidence showing Defendant's name, social security number, and similar date of birth adequate to prove that Defendant was convicted for prior DWIs in the Aztec District Court in 2001, 2008, and 2013. Defendant presented no evidence to the contrary. The State's evidence was therefore sufficient to support the conclusion that Convictions Eight, Ten, and Eleven were of Defendant.

**Convictions Three and Four**

**{9}** Convictions Three and Four, from the Farmington magistrate and municipal courts, use the name "Levi Manuelito," as well as "Randall Mills," and both convictions include the consistent social security number and a similar, but incorrect, date of birth. Specifically, Conviction Three's criminal complaint is captioned "Randall Mils aka Levi Manuelito" and contains the consistent social security number but the date of birth is incorrect by one digit. Similarly, Conviction Four's criminal complaint is captioned "Manuelito, Levi (AKA: Mils, Randall)" and contains Defendant's consistent social security number, along with a date of birth that is incorrect by one digit. Defendant contends that the State failed to establish these convictions related to him, because

they "were not against 'Levi Manuelito' and the State did not provide substantial evidence which connected these convictions to [Defendant]." We disagree.

{10}    Convictions Three and Four involve complaints with charges against both "Randall Mills" and "Levi Manuelito," but in both cases, Defendant signed the name "Levi Manuelito." The complaint for Conviction Three is captioned "Randall Mils aka Levi Manuelito," but the waiver of counsel form bears the signature of "Levi Manuelito." Similarly, attached to the criminal complaint in Conviction Four—captioned "Manuelito, Levi (AKA: Mils, Randall)"—is an application for appointment of counsel and certificate of indigency that also bears the signature of "Levi Manuelito." A reasonable person could consider the evidence presented for Convictions Three and Four to be adequate to prove that these convictions belong to Defendant, and Defendant offered no evidence to the contrary. *See Clements*, 2009-NMCA-085, ¶ 22 (explaining that it is the defendant's burden to produce evidence that supported "the assertion of invalidity").

**CONCLUSION**

{11}    Because we conclude that there was sufficient evidence to support the district court's determination that Defendant had seven prior DWI convictions in addition to the 2018 conviction, we need not evaluate the remaining DWI convictions. We therefore affirm.

{12}    **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**ZACHARY A. IVES, Judge**